

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GREAT AMERICAN INSURANCE }
COMPANY, }
          }
    Plaintiff, }
          }           CIVIL ACTION NO.
          }           02-AR-2090-S
v.        }
          }
BERRYMAN CONSTRUCTION }
COMPANY, INC., et al., }
          }
    Defendants. }

### MEMORANDUM OPINION

There are several peculiar things about this case. The first and most obvious peculiarity is the sudden purported appearance of Elbert Berryman ("Elbert") as a defendant. Elbert was not named in the original complaint filed by Great American Insurance Company ("Great American"). The complaint has never been amended to add Elbert as a defendant. Yet, strangely, the answer to the complaint filed on September 26, 2002, includes "Elbert Berryman, an individual" as one of the defendants. Did Elbert mean bravely to insinuate himself unnecessarily into the case as a defendant, or did his counsel simply make a terrible mistake? Thereafter, for whatever reason, the "defendant" [singular] on January 15, 2003, filed what defendant's counsel called "Motion in Opposition to Defendant's Motion for Summary Judgment." The only motion for summary judgment pending at the time was **plaintiff's** motion, and the court must assume that it was **plaintiff's** motion that was being opposed by defendants. Nevertheless, the style of the case as

reflected in the "Motion in Opposition to Defendant's Motion" listed Elbert as a defendant.

Great American's amended motion for summary judgment, without blinking an eye, asked for summary judgment against Elbert, along with the defendants named in the original complaint, but the Agreement of Indemnity being sued upon does not bear the signature of Elbert, and does not purport to bind him. The court cannot allow a mere mistake by counsel, no matter how egregious, to have the effect of exposing her client to a sizeable monetary judgment.

On December 31, 2002, Great American filed its motion for summary judgment. The said motion was amended on January 3, 2003. Defendants thereupon sought an extension of the time within which to respond to the motion, properly pointing out that the discovery cutoff was not until March 10, 2003, and asking for the opportunity to depose a Rule 30(b)(6) witness to be submitted by Great American. Defendants' motion for an extension was granted, and the submission date for summary judgment was extended to March 10, 2003. The only response thereafter filed by defendants is contained in the affidavit of Elbert Berryman executed on February 13, 2003, and it does not create a genuine issue of material fact. The court has not even been told whether the deposition of a Rule 30(b)(6) witness for Great American has been taken. The long and short of it is that defendants have simply not interposed any defense to a claim based on a written contract that is facially valid and that defendants have not denied bears their uncompelled

signatures.

Simply expressing puzzlement about how Great American has arrived at the amount of its loss does not create a triable dispute of fact. There is no legitimate challenge to plaintiff's arithmetic.

Under the circumstances, the undisputed central fact, as of the date of the affidavit of Edward F. Dudley, filed on January 3, 2003, is that Great American's losses and expenses on the bonds as to which defendants acted as indemnitors totals $281,752.86. A summary judgment in that amount will be entered against all defendants.

DONE this 8th day of April, 2003.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE